UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br>Plaintiff,<br>v.<br>PATRICK D. ROBBINS, et al.,<br>Defendants. | Case No. 25-mc-80234-TLT<br><br>**ORDER RE PRE-FILING SCREENING, DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 1, 5 |

Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") seeks to file a complaint alleging civil rights claims against federal court staff, state judges, and other government officials. ECF 1. The question of whether Plaintiff may file this complaint was referred to the undersigned as the current Duty Judge.

After review of the Complaint, the Court **DISMISSES** Plaintiff's complaint with prejudice and **DENIES** Plaintiff's ex parte motion to vacate a prior Court order.

**I.     BACKGROUND**

Plaintiff is subject to two Orders designating him a vexatious litigant and requiring the duty judge to determine whether this action may be filed. *See Ou-Young v. Roberts et al*, No. 13-cv-04442, ECF 40 (N.D. Cal. Dec. 20, 2013) (hereinafter "*Roberts* pre-filing order"); *Ou-Young v. Stone*, No. 19-cv-07000-BLF, 2019 WL 6619879 at *9 (N.D. Cal. Dec. 5, 2019) (hereinafter "*Stone* pre-filing order").

The *Stone* pre-filing order requires Plaintiff to obtain leave of court before "filing any complaint that alleges claims against federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges." *Stone*, 2019 WL 6619879, at *9. The *Roberts* pre-filing order requires

Plaintiff to obtain leave of court before filing "any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 et seq., involving parties that he named in the current case." *Roberts*, No. 13-cv-04442, ECF 40.

On August 8, 2025, Plaintiff filed a complaint bringing six claims against the following twenty-four defendants: Patrick D. Robbins, Pamela T. Johann, Jeffrey D. Nedrow, Jevechius D. Bernardoni, Kelsey J. Helland, Thomas J. Nixon, Karin Schwartz, Jenna M. Whitman, Rebekah Evenson, Michael M. Markman, Keith Fong, Han N. Tran, Elizabeth K. Lee, Nancy L. Fineman, Susan L. Greenberg, State of California, State Bar of California, Edmund G. Brown, Jr., Mark B. Busby, Cynthia G. Hernandez, Kenneth R. Perez, Steven Chilton, Joseph R. Biden, Jr., and Sanjay Virmani. ECF 1. All six claims are brought pursuant to 42 U.S.C. § 1985. *Id.*

Plaintiff's first claim alleges that the dismissal of one of Plaintiff's state court lawsuits on June 3, 2024, was the result of a conspiracy to violate his First, Fourteenth, and Seventh Amendment rights. *Id.* at 5. Plaintiff brings this claim against Defendants Schwartz, Evenson, Whitman, and Biden. *Id.*

Plaintiff's second claim alleges that a stay of one of Plaintiff's state court lawsuits on July 17, 2024, was the result of a conspiracy to violate his First, Fourteenth, and Seventh Amendment rights. *Id.* at 5–6. Plaintiff brings this claim against Defendants Lee, Fineman, and Greenberg. *Id.*

Plaintiff's third claim alleges that the termination of one of Plaintiff's state court lawsuits on July 23, 2024, was the result of a conspiracy to violate his First, Fourteenth, and Seventh Amendment rights. *Id.* at 6. Plaintiff brings this claim against Defendants Fong and Markman. *Id.*

Plaintiff's fourth claim alleges that the dismissal of one of Plaintiff's state court lawsuits on June 5, 2025, was the result of a conspiracy to violate his First, Fourteenth, and Seventh Amendment rights. *Id.* at 6. Plaintiff brings this claim against Defendants Tran, Nixon, Robbins, Johann, Nedrow, Bernardoni, Helland, Busby, Hernandez, Perez, Chilton, and Virmani. *Id.*

Plaintiff's fifth claim alleges that the enactment of a California vexatious litigant statute in

1963, Cal. Civ. Proc. § 391, violates his First, Fourteenth, and Seventh Amendment rights. *Id.* Plaintiff brings this claim against Defendants Brown and California State Bar. *Id.*

Plaintiff's sixth claim alleges that the California State Bar has infringed on Plaintiff's civil rights in connection with Plaintiff's fourth claim (alleging violation of his constitutional rights by the dismissal of one of his state court lawsuits). *Id.* at 6–7. Plaintiff brings this claim against Defendant California State Bar. *Id.* at 7.

## II.     LEGAL STANDARD

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the All Writs Act, 28 U.S.C. § 1651(a), "'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Id.* (quoting *De Long*, 912 F.2d at 1147).

## III.    DISCUSSION

Having reviewed the complaint and available record before the Court, the Court finds that (A) Plaintiff's claims do not fall within the scope of prior pre-filing orders, but (B) Plaintiff's complaint must be dismissed as frivolous.

### A. Defendant's Claims Do Not Fall Within the Scope of Either Pre-Filing Order

After review of the complaint, Plaintiff's claims do not fall within the scope of either the *Stone* or *Roberts* pre-filing order. ECF 1 at 1–7.

Here, Plaintiff names as Defendants several government officials in the U.S. Attorney's Office for the Northern District of California, numerous state court judges, the State Bar of California, the Clerk and Deputy Clerks of the U.S. District Court for the Northern District of California, former President Joseph R. Biden, Jr., and a government employee from the San Francisco Field Office of the Federal Bureau of Investigation. ECF 1 at 1–2. The Stone pre-filing order, however, applies to cases involving federal judges. *Stone*, 2019 WL 6619879, at *9. Thus, because the current case before the Court does not involve federal judges, the case does not fall

3

1  within the scope of the *Stone* pre-filing order.

2  Regarding the *Roberts* pre-filing order, the pre-filing order requires leave of court before
3  filing "suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. §
4  1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671
5  et seq." *Roberts*, No. 13-cv-04442, ECF 40 at 16–17.  However, Plaintiff's complaint only alleges
6  violations of 42 U.S.C. § 1985.  ECF 1 at 1.  Because Plaintiff's claims are not under 18 U.S.C. §
7  1512(b), 18 U.S.C. § 1512(c), 18 U.S.C. § 371, or the FTCA, Plaintiff's claims do not fall within
8  the scope of the *Roberts* pre-filing order.

9  Accordingly, Plaintiff's claims do not fall within the scope of either the *Stone* or *Roberts*
10 pre-filing order.

## B. The Court Dismisses Plaintiff's Complaint as Frivolous

12 Although Plaintiff's claims fall outside the scope of the *Stone* and *Roberts* pre-filing
13 orders, the Court finds that Plaintiff's complaint is nevertheless frivolous and fails to state
14 cognizable claims.  Because the claims are frivolous the Court dismisses Plaintiff's complaint
15 without leave to amend.  *See Ou-Young v. Cnty. of Santa Clara*, No. 23-cv-80051, 2023 WL
16 2721020, at *1 (N.D. Cal. Mar. 17, 2023), *appeal dismissed*, No. 23-15473, 2023 WL 6622302
17 (9th Cir. July 5, 2023) (dismissing Plaintiff's initial complaint with leave to amend where claims
18 "do not fall within the scope of either of the two vexatious litigant orders" but "frivolous
19 allegations" against state judges with judicial immunity warrant dismissal).

20 The Court may dismiss a complaint as frivolous if the complaint lacks any legal or factual
21 basis.  *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (holding complaint that lacks
22 arguable basis in law or fact is "frivolous") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
23 Dismissal without leave to amend is proper when amendment would be futile.  *Cervantes v.*
24 *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

25 Here, Plaintiff's first four claims arise out of the dismissal, stay, or termination of his state
26 court lawsuits.  ECF 1 at 5–6.  Plaintiff alleges in general terms that in dispositioning these cases,
27 the judges conspired to deprive Plaintiff of his constitutional rights.  *Id.*  However, state court
28 judges are subject to judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991) (holding "a

judge is immune from a suit for money damages" and "judicial immunity is not overcome by allegations of bad faith or malice"); *Howard v. Drapkin*, 222 Cal. App. 3d 843, 851 (Cal. Ct. App. 1990) ("The concept of judicial immunity is long-standing and absolute . . . It bars civil actions against judges for acts performed in the exercise of their judicial functions." Indeed, the complaint concedes that state judge Defendants are immune from suit. *See* ECF 1 at 5–6 ("[S]tate judges have acted under color of judicial immunity."). Because Plaintiff's first four claims arise out of state court proceedings and state court judges are immune from suit, Plaintiff's first four claims lack a legal basis. Accordingly, Plaintiff fails to state a cognizable claim against state judge Defendants Thomas J. Nixon, Karin Schwartz, Jenna M. Whitman, Rebekah Evenson, Michael M. Markman, Keith Fong, Han N. Tran, Elizabeth K. Lee, Nancy L. Fineman, and Susan L. Greenberg.

Plaintiff's fifth and sixth claims are frivolous for similar reasons. Plaintiff's fifth and sixth claim allege that the California State Legislature's creation of the California State Bar, and the passage of the 1963 vexatious litigant statute, Cal. Civ. Proc. § 391 violate Plaintiff's constitutional rights. ECF 1 at 6–7. However, the legislative Defendants Plaintiff names are subject to immunity for these actions. *See Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("Legislators are immune from deterrents to the uninhibited discharge of their legislative duty."); *Jones v. Allison*, 9 F.4th 1136, 1140 (9th Cir. 2021) (same); *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (holding Governors immune from civil liability for legislative functions); *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) (holding that Eleventh Amendment "grants a State immunity from suit in federal court"); *Kohn v. State Bar of California*, 87 F.4th 1021, 1023 (9th Cir. 2023) (holding State Bar an arm of the state and entitled to Eleventh Amendment immunity); Accordingly, Plaintiff cannot state a cognizable claim against Defendants Edmund G. Brown, Jr., State Bar of California, and the State of California for passage of a statute or creation of the State Bar.

Plaintiff also does not allege any facts about Defendant Biden's role in a conspiracy violating his civil rights. *See* ECF 1 at 5. However, to the extent he does, these claims are not cognizable because current and former presidents of the United States are also "entitled to absolute

5

immunity from damages liability predicated on [their] official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); ECF 1 at 5.  Accordingly, Plaintiff cannot state a cognizable claim against Defendant Joseph R. Biden, Jr. for actions taken in his role as President.

        Plaintiff's complaint also fails to allege facts about the involvement of the remaining federal employee defendants, beyond conclusory allegations of "conspiracy" leading to dismissal of one of his state cases.  ECF 1 at 6.  On this basis alone, Plaintiff's claims are not cognizable.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" insufficient for cognizable claim). Additionally, to the extent that Plaintiff's claims involve the actions of federal court personnel that are part of the judicial process (such as flagging Plaintiff's complaint for pre-filing review), court personnel have absolute quasi-judicial immunity for this conduct.  *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.") (citation omitted).  To the extent that Plaintiff's claims against federal prosecutors are based on official actions they took in criminal proceedings, those Defendants are covered by prosecutorial immunity.  *See Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (noting that prosecutorial immunity protects a prosecutor for "his decision to initiate a prosecution"); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 642–43 (9th Cir. 1999) (holding prosecutors immune from suit for investigative activities).  Finally, all federal employee Defendants are protected by qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted).  Plaintiff's complaint does not allege any conduct that violates clearly established statutory or constitutional rights beyond conclusory legal statements.  *See* ECF 1 at 5–7.  Accordingly, Plaintiff has failed to state a cognizable claim against Defendants Patrick D. Robbins, Pamala T. Johann, Jeffrey D. Nedrow, and Jevechius D. Bernadoni, Kelsey J. Helland, Sanjay Virmani, Steven Chilton, Kenneth R. Perez, Cynthia G. Hernandez, and Mark B. Busby.

1    Accordingly, none of Plaintiff's claims are cognizable. *See Cato v. United States*, 70 F.3d
2    1103, 1107 (9th Cir. 1995) (holding complaint that lacks arguable basis in law or fact is
3    "frivolous") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
4    The Court notes that Plaintiff has filed over fifty actions in this district and numerous
5    others in state court. *See Stone*, 2019 WL 6619879, at *3–7 (describing Plaintiff's litigation
6    history). Plaintiff has previously attempted to circumvent the pre-filing orders by modifying
7    named parties and claims. *See In Re: Kuang-Bao P. Ou-Young*, No-15-mc-80033, ECF 4 (N.D.
8    Cal. Jan. 27, 2015) (denying motion to intervene where Plaintiff prevented from initiating new
9    litigation and, "[i]n an apparent effort to circumvent this [pre-filing] order," filed a motion to
10   intervene in pending action). Plaintiff has also attempted to file similar claims against state court
11   judges, judicial employees, and the California State Bar in other cases, and these claims have been
12   rejected. *See, e.g.*, *Ou-Young v. Alameda County Sheriff's Office et al.*, No. 24-mc-80045, ECF 6
13   (N.D. Cal. Feb. 29, 2024) (concluding the claims against federal judges were barred by the *Stone*
14   pre-filing order and the other claims failed to state a claim because "the allegations against all of
15   the state and federal judges involve judicial conduct that is immune from liability."); *Ou-Young v.*
16   *County of Santa Clara*, No. 23-mc-80222, ECF 2 (N.D. Cal. Sept. 11, 2023) (denying leave to file
17   complaint naming federal judges and federal clerk's office employees describing defendants as
18   "colluders"); *Ou-Young v. Rudy*, No. 21-cv-07361, 2022 WL 2343043, at *5, *7 (N.D. Cal. June
19   29, 2022) (dismissing "insubstantial and frivolous conspiracy theory claims" asserted against
20   federal defendants with prejudice under the substantiality doctrine).
21   Accordingly, the Court dismisses Plaintiff's complaint as frivolous. *See Ou-Young v.*
22   *Cnty. of Santa Clara*, 2023 WL 2721020, at *1 (dismissing initial complaint containing similar
23   "frivolous allegations"). Moreover, leave to amend would be futile given Defendants'
24   immunity. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.
25   2011) (dismissal without leave to amend is proper when amendment would be futile).
26   The Court also denies Plaintiff's ex parte motion to vacate the *Roberts* pre-filing order.
27   ECF 5; *Jurado v. Ramirez*, No. 20-cv-08602, 2021 WL 3771783, at *3 (N.D. Cal. Aug. 24, 2021)
28   (denying all pending motions where action dismissed with prejudice); *Uhuru v. Benavidez*, No.

7

22-cv-07058, 2023 WL 360231, at *3 (N.D. Cal. Jan. 23, 2023) (same).

### IV. CONCLUSION

Accordingly, the Court **DISMISSES** Plaintiff's complaint without leave to amend and **DENIES** Plaintiff's ex parte motion to vacate the *Roberts* pre-filing order.

The Clerk of Court shall terminate this matter.

IT IS SO ORDERED.

Dated: September 26, 2025

_____
TRINA L. THOMPSON
United States District Judge